In the Matter of the Estate of His late Majesty Lunalilo, deceased.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1879.

*Harris, C. J., Judd and McCully, J.J.*

## IN THE MATTER OF THE ESTATE OF HIS LATE MAJESTY LUNALILO, DECEASED.

### ON A REQUEST FROM THE TRUSTEES FOR INSTRUCTIONS.

THE PETITION OF THE TRUSTEES appointed by the will of the deceased shows that they have in possession in cash $28,228.09, and ask for directions as to its investment.

The will leaves the testator's real estate to his Trustees in trust to sell the same at public or private sale and invest the same till the amount realized from such sale or by additions from other sources shall be $25,000, and then directs that they shall expend the whole amount in the purchase of land and in the erection of a building or buildings on the Island of Oahu for specified eleemosynary purposes. Another clause of the will says, that in case sufficient buildings shall be furnished for the purposes specified from other sources, the income of the sum realized from the sale of the testator's real estate shall be expended in repairs of said buildings, and in support of the inmates thereof ;

HELD, that no part of the said sum of $25,000 can be used for any purpose but the erection of buildings, and that the Trustees proceed at once to purchase the ground and erect the buildings required.

The trustees of this estate set forth that from the sales of property belonging to said estate, they have cash assets in their hands amounting to $28,228.09, and ask for directions.

The question at the hearing was, whether the sum should be invested on bond and mortgage, to the end that when the buildings contemplated by the will of his late Majesty shall have been constructed, there may be something left to keep the buildings in repair and to maintain the inmates, or whether it is the duty of the trustees to commence to build

In the Matter of the Estate of His late Majesty Lunalilo, deceased.

immediately and expend the sum of $25,000 in the ground and buildings.

The will of his late Majesty devises to his trustees, who are to be nominated by the majority of the Justices of the Supreme Court, or the Court of the highest jurisdiction in these Hawaiian Islands, all his real estate to be held by them (said trustees) in trust for the following purposes, to wit: "To sell and dispose of said real estate to the best advantage at public or private sale, and to invest the proceeds in some secure manner, until the aggregate sum shall amount to $25,000, or until the sum realized by the said trustees shall, with donations or contributions from other sources, amount to the said sum of $25,000; *then* I order the trustees (to be appointed as aforesaid) to expend the *whole* amount in the purchase of land and in the erection of a building or buildings on the Island of Oahu, of iron, stone, brick, or other fireproof material, for the use and accommodation of poor, destitute and infirm people of Hawaiian (aboriginal) blood or extraction, giving preference to old people, upon such terms, rents or charges as to the said majority of the Justices of the Supreme Court, or Court of highest jurisdiction in these Hawaiian Islands, shall seem proper."

It is evident that the testator, at the time of making this will, did not suppose that his real property would be so valuable as it has since proved to be. He even appears to have thought it quite possible that it would not realize upon sale so much as $25,000; and, if such should be the case, he directed that it should be invested until, by the force of its own accumulation, or by the addition of donations from other persons, it should amount to said sum of $25,000, which he evidently thought to be the smallest sum necessary for the foundation of the charity which he contemplated. But his further commands are, that when the sum of $25,000 shall have been realized, the ground should be purchased and the building commenced, and the whole sum of $25,000 expended.

In the Matter of the Estate of His late Majesty Lunalilo, deceased.

The question is asked of us, if the whole sum should be thus expended, how are the trustees to maintain the building and the inmates? The answer is, that the deceased has so ordered, and the trustees must fulfill the wishes of the deceased. The testator probably had good reasons for the disposition which he made, and, upon inspecting his will, good reasons will appear on the face of it. For he evidently contemplated that his example will be the inducement for others to add to the efficacy of the charity the foundation alone of which he is laying, and farther, he did not contemplate that the inmates were to be maintained out of this charity, for he says that buildings are to be erected for the use and accommodation of the poor, destitute and infirm, upon such terms, rents and charges as to the majority of the Justices of the Supreme Court shall seem proper; and this is more apparent by a subsequent clause, where he says: "But, in case sufficient buildings shall have been provided (from some other source) for the use and accommodation of poor, destitute and infirm Hawaiians as aforesaid, then I hereby order and direct that the said trustees shall apply the net rents, issues and profits arising from the principal sum realized from the said real estate, when sold as aforesaid, towards the maintaining of the said buildings in repair, in their improvement, and towards the support and maintenance of the inmates aforesaid as in the opinion of the said trustees shall seem best." Other words can scarcely make the meaning more plain than the words used by the testator. None of the rents, issues and profits arising out of the $25,000 is to be used for the repair of the buildings, their improvement, or the support of inmates, until a building or buildings sufficient for the purpose—that is to say, as sufficient as $25,000 will provide—shall have been erected. But if other persons shall provide sufficient buildings, or partially provide them, so that there will be either the whole or a part of the whole $25,000 remaining, then, and not till then, the rents, issues and profits of the sum so remaining shall be devoted to the repair or im-

provement of the buildings and the maintenance of inmates. Whereas, therefore, the sum of $25,000 has accumulated in the hands of the trustees, it is hereby ordered that they proceed forthwith to purchase the ground and erect the buildings required.

Honolulu, February 20, 1879.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1879.

*Harris, C. J., Judd and McCully, J. J.*